E-FILED
Thursday, 30 March, 2017 11:44:05 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CLIFFORD C. FOSTER, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:16-cv-04070-SLD |
| KIM SMITH, | ) |
| Respondent. | ) |

## ORDER

Before the Court are Respondent's motion to dismiss Petitioner Foster's 28 U.S.C. § 2254 application, ECF No. 11, Foster's motion for status, ECF No. 15, and Foster's motion for summary judgment, ECF No. 16. For the following reasons, the motion to dismiss is GRANTED and Foster's petition DISMISSED. The other motions are MOOT. In addition, a certificate of appealability shall not issue.

## BACKGROUND[1]

Foster was convicted in 2004, in Bureau County, Illinois, of predatory criminal sexual assault of a child. He was sentenced by the Illinois circuit court to a term of fourteen years and two months of incarceration.[2] The judgment was affirmed by the Appellate Court of Illinois, and on November 29, 2007, the Illinois Supreme Court denied Foster's petition for leave to appeal. Foster never petitioned the United States Supreme Court for a writ of certiorari.

---

[1] The facts listed here are drawn from Respondent's motion to dismiss, except where otherwise noted.
[2] Respondent's motion to dismiss says fourteen years, but the Appellate Court of Illinois, in affirming the judgment, called it fourteen years and two months. Direct App. Order 1, Mot. Dismiss Ex. B.

1

On September 24, 2008, Foster filed a petition for postconviction relief in Illinois circuit court. The next day, September 25, 2008, the court denied the petition. Foster did not appeal this denial.

Foster once tried to file a successive postconviction petition in Illinois court. He did so on June 14, 2013, and was denied leave. This judgment was affirmed on appeal.

He filed his instant and first federal petition for postconviction relief pursuant to 28 U.S.C. § 2254 in this Court on April 11, 2016. ECF No. 1. Respondent, after being directed to respond, did so in the form of a motion to dismiss on June 17, 2016.

## DISCUSSION

**I.  Legal Standard on a Petition for Issuance of Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254**

District courts may entertain applications for the writ of habeas corpus by persons in custody of a State in violation of the Constitution. 28 U.S.C. § 2254(a). The writ shall not issue to a person in custody pursuant to the judgment of a State court unless it appears that the applicant has exhausted his available remedies in the State's courts, there is an absence of corrective process available from the State, or circumstances render that process ineffective to protect the applicant's rights. *Id.* § 2254(b)(1). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a 1-year time period in which a state prisoner may file a federal habeas petition, running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1).

**II. Analysis**

Respondent argues that Foster's petition is untimely, and must be dismissed for that reason. Respondent is correct.

To determine if Foster's application is late, the Court first determines when his petition became final. The Illinois Supreme Court denied Foster's petition for leave to appeal his conviction on November 29, 2007; he had 90 days from the entry of this judgment to petition the United States Supreme Court for a writ of certiorari. Sup. Ct. R. 13. When the time to do so elapsed, on February 27, 2008, his state court conviction became final. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

Foster then had one year from the day following this date to file a petition for a writ of habeas corpus in federal court. *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002); see Fed. R. Civ. P. 6(a). He filed his petition for federal habeas corpus relief 2,965 days after the state court conviction became final, or a little more than seven years late. However, any time during which Foster had a properly filed application for Illinois postconviction review pending is tolled from that time. 28 U.S.C. § 2244(d)(2). His petition for postconviction relief was pending for two days—a very small drop in the bucket. His petition before this court is more than seven years late under AEDPA.

Foster puts forward three arguments to excuse this lateness, all of them meritless.

First, he argues that some of the time between the date upon which his conviction became final and the date he filed his habeas petition in this Court should be equitably tolled. Resp. Mot. Dismiss 2, ECF No. 13. Petitioners may seek to have time tolled equitably, so that an admittedly late petition is nonetheless considered by a court that declines to count against petitioner some of the time that has elapsed. Such tolling is "an exceptional remedy available to a habeas petitioner who shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). But all that Foster argues for why equitable tolling should apply to his case is that he "has established such a claim by notifying the state court of a lack of restricted access to the courts through a letter attached to the first post-conviction petition." Resp. Mot. Dismiss 2. This is no basis for equitable tolling. Further, there is no showing that Foster has been pursuing his rights diligently, or of any extraordinary circumstances that stood in his way.

Second, he argues that his application presents a claim of actual innocence. *Id.* If an unjustifiably late habeas petition presents a claim of actual innocence, it may still be reviewed on the merits. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("[A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown."). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). However, "the habeas court's analysis is not limited to such evidence." *House v. Bell*, 547 U.S. 518, 537

(2006). Foster fails to clear the threshold for a "gateway" actual innocence claim, because he does not support his allegations of constitutional error with reliable new evidence of any kind. Foster asserts that "the state witness alibied his wereabouts [sic] and . . . [neither] the police nor the state interviewed the alleged victim in an interview or hearings let alone testify." Resp. Mot. Dismiss 3. Foster's support for his claim of actual innocence amounts to asserting that his innocence was shown at trial, and claiming that his victim was not interviewed and did not testify at trial. The assertions are unsupported, not new evidence, and do not suggest in any way that Foster is actually innocent. He has failed to make a credible claim of actual innocence.

Third, Foster argues that his 2013 Illinois petition for postconviction relief had some tolling effect on his instant section 2254 application. *Id.* at 3–4. The Court does not address the argument because even if it did, his section 2254 application is still years late.

Foster's arguments are unavailing. His application is barred by the one-year AEDPA limit.

One matter remains. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." § 2254 Rule 11(a). A certificate of appealability should issue, when a district court denies a habeas petition on procedural grounds, if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court concludes that jurists of reason would not find it debatable whether Foster's Petition should be dismissed as untimely. The certificate shall not issue.

## CONCLUSION

Accordingly, the petition for writ of habeas corpus, ECF No. 1, is DISMISSED, and the motion to dismiss the petition, ECF No. 11, GRANTED. The other motions, ECF Nos. 15, 16,

are MOOT.  A certificate of appealability is DENIED.  The Clerk is directed to enter judgment and close the case.

Entered this 30th day of March, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
